**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**GILBERT D. HOWARD,**

    **Plaintiff,**

vs.                                                           **CASE NO. 4:07CV306-RH/AK**

**FRED DICKERSON, et al,**

    **Defendants.**

_____/

**O R D E R**

    Plaintiff has filed a motion for leave to proceed in forma pauperis and amended motion for leave to proceed. (Docs. 2 and 5). Based on the information provided in the financial affidavit supporting the motion and amended motion, (docs. 2 and 5), the Court finds that leave to proceed without prepayment of court costs should be **GRANTED.**

    However, the complaint filed by Plaintiff fails to state a claim for relief and he should consider dismissing this lawsuit if he does not have the requisite facts to support the claims as described below. Plaintiff complains that he was arrested as a habitual traffic offender, his driving privileges were suspended, and he was held in jail from January 28, 2004 until he made bail on February 1, 2004. He sues the Director of Highway Safety, the arresting officer, the sheriff, the prosecuting attorney, his attorney, and the judge who sentenced him.

First, a drivers license is a privilege, not a right, and the state may strictly regulate that privilege.  State v. Hoch, 500 So.2d 597 (Fla. 3 DCA 1986).  There are no due process rights at issue since driving in not a protected personal liberty.  *Id.*, at 601.

Second, Plaintiff seeks damages for alleged constitutional violations committed by Defendant Drake and Sheriff Campbell in arresting and holding him without probable cause, but he is precluded from such a lawsuit unless that sentence or conviction has been reversed or otherwise invalidated.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  Plaintiff does not make this claim, he admits that he was sentenced on a misdemeanor.

Third, Plaintiff cannot sue the prosecuting attorney or the judge who sentenced him because they are protected by absolute immunity. If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  In Stump v. Sparkman, the United States Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983."  Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996), *citing* Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).  "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity."  Simmons, 86 F.3d at 1084-1085, *quoting* Stump, 435 U.S. at 362, 98 S. Ct. at 1107.  Immunity would only exist if the judge dealt with the plaintiff in a judicial capacity.  86 F.3d at 1085; 435 U.S. at 362, 98 S. Ct. at 1107.

**No. 4:07cv306-RH/AK**

Likewise, prosecuting attorneys are absolutely immune from their acts in initiating or pursuing criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Such absolute immunity extends to a prosecutor's "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L.Ed.2d 209 (1993). Such immunity extends to most court appearances, including examining witnesses and presenting evidence. Burns v. Reed, 500 U.S. 478, 492 (1991).

Finally, Plaintiff complains that the public defender was ineffective in his defense. He provides no facts to support this claim. It is not clear whether this attorney was defending him in a criminal matter related to the suspension of his driving license or some other matter. A claim of ineffective assistance of counsel arises in a constitutional context only when counsel is representing a person in a criminal matter. Mekdeci v. Merrell, 711 F.2d 1510, 1522 (11th Cir. 1983); Sanchez v. United States Postal Service, 785 F.2d 1236, 1237 (5th Cir. 1983). Since public defenders are not likely appointed to represent parties in traffic matters, it is not entirely clear what matter Defendant Flury was representing Plaintiff in nor does he explain how her actions were ineffective. If she was representing him in a criminal matter, he should pursue this claim in a habeas petition since her ineffectiveness would render the resulting conviction unconstitutional. If he seeks money damages from her only, then he should pursue this type of claim (legal malpractice) in state court because he would be precluded from a damage suit in

**No. 4:07cv306-RH/AK**

federal court for constitutional violations absent proof that the conviction or sentence had been eventually overturned or dismissed.  See Heck *supra.*

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1.  The clerk of court shall forward to Plaintiff another Section 1983 form for non-prisoners.

2.  Plaintiff must respond to this order by **January 31, 2008.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

4.  Plaintiff's Motion and Amended Motion for IFP (docs. 2 and 5) are **GRANTED**, and he may proceed in this cause without prepayment of fees.

**No. 4:07cv306-RH/AK**

**DONE AND ORDERED** this  *15th*   day of January, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**CASE NO. 4:07CV306RH/AK**

**No. 4:07cv306-RH/AK**